UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD C. TCHEUMANI, JR.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ARS NATIONAL SERVICES, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 22-cv-1344-BAS-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

　　　Proceeding *pro se*, Plaintiff Gerard C. Tcheumani, Jr. ("Plaintiff") brought this civil action against ARS National Services and its Chief Executive Officer James Brandon Black (together, "Defendants") on September 6, 2022, alleging Defendants violated various credit reporting and debt collection practices acts. (Compl., ECF No. 1.) That same day, Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (IFP App., ECF No. 2.)

For the reasons set forth below, the Court **GRANTS** Plaintiff's IFP Application, **DISMISSES** without prejudice the Complaint, and **GRANTS** Plaintiff leave to amend.

## I.     IFP APPLICATION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff qualifies for IFP status. The determination of indigency falls within the district court's sound discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement on indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and the dependents with the necessities of life." *Id.* at 339. However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 fee does not apply to persons granted leave to proceed *in forma pauperis*.

Here, the Court finds that Plaintiff has shown he cannot afford the filing fee. He has submitted an affidavit demonstrating he has no gainful employment and no funds in either a checking or savings account. Based on the information provided, the Court **GRANTS** Plaintiff's IFP Application.

## II.  MANDATORY SCREENING OF PLEADING

### A.  Legal Standard

Under 28 U.S.C. § 1915(e), the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. 28 U.S.C. §1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("The provisions of section 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal— even if dismissal comes before the defendants are served").

Complaints also must comply with Federal Rule of Civil Procedure ("Rule") 8(a)(2), which requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). In addition to the grounds for a *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," distracting, ambiguous, and unintelligible," "highly repetitious").

//

### B. Analysis

Plaintiff's Complaint is incredibly unclear. He alleges:

1) Plaintiff introduced fraud and violations to defendant, including lack of full disclosure, including providing terms and definitions. Defendant[s] ha[ve] failed to respond to all affidavits and notices of claims that were sent certified mail [sic] via the United States Postal Service.

2) Defendant was provided the opportunity to [s]tate a claim or to remain silent and to agree with all terms set forth in the unresponded [sic], unrebutted certified Notice of Liability, Notice of Fault and Opportunity to Cure the Notice of Default and Imminent Liability, which include a Request for Admissions and a True Bill containing said violations.

(Compl. at 4.)

It is not at all clear how Plaintiff was allegedly wronged or how those alleged wrongs are fairly traceable to any Defendant's conduct. Simply put, the Complaint fails to give Defendants "fair notice of what [P]laintiff's claim is and the grounds upon which it rests in order to enable [Defendants] to prepare an answer . . ., and to identify the nature of this case." *Isidro Mejia v. New York Police Dep't*, 1:16-cv-9706-GHW, 2019 WL 3412151, at *7 (S.D.N.Y. July 28, 2019) (quoting *Middleton v. United States*, 2012 WL 394559, at *2 (E.D.N.Y. Feb. 7, 2012)); *accord Clark v. Mayfield*, 74 A.F.T.R.2d 94-7323 (S.D. Cal. Nov. 21, 1994) ("[F]ederal courts repeatedly have required a plaintiff suing multiple defendants to set forth sufficient facts to lay a foundation for recovery against each particular defendant named in the suit." (citing *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)). For these reasons, Plaintiff's Complaint fails to comply with Rule 8 and, therefore, is **DISMISSED**.

\* \* \* \*

Having concluded the Complaint warrants dismissal under 28 U.S.C. § 1915(e) and Rule 8, the Court must determine whether that dismissal should be with prejudice. Because the Court cannot say at this time there is no merit to the underlying action, it **GRANTS**

Plaintiff an opportunity to amend.  *Cf. Lopez*, 203 F.3d at 1228 n.8 (noting that only where there is "no merit to the underlying action" should dismissal be with prejudice).

### III. CONCLUSION

For the foregoing reasons, the Court:

1) **GRANTS** Plaintiff's IFP Application (ECF No. 2);

2) **DISMISSES** without prejudice the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) (ECF No. 1); and

3) **GRANTS** Plaintiff leave to file an Amended Complaint.  If Plaintiff chooses to file an Amended Complaint, he must do so **by no later than December 16, 2022**.

**IT IS SO ORDERED.**

**DATED: November 4, 2022**

Hon. Cynthia Bashant
United States District Judge